FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 SEP -9 P 2: 07
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DOMINIQUE LANE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 113-022 |
| ) | |
| JASON MEDLIN, Warden, ) | |
| ) | |
| Respondent.[1] ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Dominique Lane, an inmate at Wheeler Correctional Facility in Alamo, Georgia, filed the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss. (Doc. no. 12.) Despite prompting from the Court, (doc. no. 13), Petitioner failed to respond to Respondent's motion, and it is thus deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion be **GRANTED** and that this case be **DISMISSED** without prejudice and **CLOSED**.

I.  **BACKGROUND**

On November 5, 2008, Petitioner was convicted in the Superior Court of Jefferson County of two counts of armed robbery, one count of criminal attempt to commit armed robbery, and two counts of burglary. (Doc. no. 1, p. 1.) Petitioner was sentenced to 15

---

[1] The proper respondent in this case is Jason Medlin, the current Warden at Petitioner's place of confinement, Wheeler Correctional Facility. See Rule 2(a) of the Rules Governing Section 2254 Cases. The **CLERK** is **DIRECTED** to substitute Jason Medlin for John Jeanes as the Respondent in this case.

years imprisonment and 30 years probation. (Doc. no. 12-1, p. 2.) Petitioner filed a motion for new trial on December 12, 2008, which was denied on August 6, 2009, and he then filed a notice of appeal on August 31, 2009. (See doc. nos. 14-4, 14-3.) However, upon Petitioner's request, the Court of Appeals remanded the case on February 16, 2012 so that Petitioner could assert ineffective assistance of counsel claims against his trial attorney.[2] (Doc. no. 14-4, pp. 4-5.)

The trial court denied Petitioner's Second Amended Motion for New Trial in October 2012, and Petitioner filed a Notice of Appeal on October 30, 2012, which was docketed as case no. A13A1358 on March 6, 2013. See http://www.gaappeals.us/docket/index.php. The Georgia Court of Appeals has not issued a ruling on the appeal yet, but the docket does reflect recent activity including the filing of Petitioner's brief on March 18, 2013 and placement on the court calendar in June 2013. (Id., doc. no. 14-4.)

In the midst of his ongoing state court proceedings, Petitioner filed his first federal § 2254 petition on September 30, 2009. Lane v. Tatum, CV 109-118, doc. no. 1 (S.D. Ga. Sept. 30, 2009). This petition was dismissed without prejudice for failure to exhaust his available state remedies. (Id., doc. nos. 7, 9.) Petitioner submitted the instant federal § 2254 petition on January 27, 2013 in the Northern District of Georgia, which was filed by the Clerk of Court on January 29, 2013. (Doc. no. 1.) The petition was transferred to the Southern District of Georgia because Petitioner was convicted in

---

[2] While his direct appeal was pending, Petitioner filed a state habeas petition in the Superior Court of Calhoun County, 11-V-116, on July 27, 2011. (Doc. no. 14-1, pp. 1-7.) However, that petition was dismissed on January 13, 2012 when it was discovered that his direct appeal was still pending. (Doc. no. 14-3.)

2

Jefferson County Superior Court. (Doc. no. 2.) In response to the petition, along with his answer, (doc. no. 11), Respondent filed the instant motion asking the Court to dismiss the petition as premature and unexhausted because Petitioner's direct appeal is still pending, and Petitioner still possesses the avenue of pursuing a state habeas corpus petition after the conclusion of his direct appeal. (Id.)

## II. DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court is required, per the traditional exhaustion requirement, to dismiss federal habeas claims that the petitioner has a right to raise, by any available procedure, in state court. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the review process on direct appeal. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts
> a full and fair opportunity to resolve federal constitutional claims before
> those claims are presented to the federal courts, we conclude that state

3

> prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845. This "one full opportunity" for review on direct appeal includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement. Id. In Georgia, however, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

Upon conclusion of his direct appeal, a petitioner must file a petition for state habeas corpus relief with respect to any issues not raised in his direct appeal, including for example any claims of ineffective assistance by appellate counsel. To properly exhaust state remedies, a petitioner must see the state habeas petition through to the very end, including in Georgia the filing of an application for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court. See, e.g., Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (holding that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court [meant] that [a petitioner] [] failed to exhaust all of his available state remedies"). A petitioner need not seek collateral review in state court of issues raised on direct appeal. See Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

Petitioner has not exhausted his state court remedies because Petitioner's direct appeal is still pending before the Georgia Court of Appeals and his conviction is thus not final. See O'Sullivan, 526 U.S. at 845. Upon conclusion of his direct appeal, Petitioner must still pursue collateral review, via a petition for state habeas corpus relief, of any issues not raised in his direct appeal. Because Petitioner has failed to exhaust his available state remedies, the instant federal habeas corpus petition should be **DISMISSED** without prejudice. See Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.")

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, (doc. no. 12), and that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of September, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

5